Gregory A. Phillips
Attorney General

John W. Renneisen
Deputy Attorney General

Patricia L. Bach, (Wyo. State Bar No. 6-4116)
Assistant Attorney General
2424 Pioneer Building, 2nd Floor
Cheyenne, Wyoming  82002
(307) 777-5996
(307) 777-8920 Facsimile

Richard Rideout
Law Offices of Richard Rideout, PC
P.O. Box 389
Cheyenne, Wyoming 82003-0389
(307) 632-1901

Attorneys for Joseph D. Torczon, in his Individual Capacity and in his Official Capacity.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JERAMIE JOHN E. LARGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  10-CV-155-D |
| | ) |
| JOSEPH D. TORCZON, Deputy Jailer, | ) |
| Park County Detention Center, in his | ) |
| Official and Individual Capacity, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' JOINT PROPOSED STIPULATION OF FACTS**

Defendant Torczon, in his individual and official capacities, hereby proposes the following facts for stipulation by the Plaintiff:

1. On December 28, 2009, Defendant Torczon conducted a cell search. Numerous items which could be purchased only via the commissary where found in Large's cell.

2. Large had been indigent for the entire time of his incarceration in the PCDF.

3. On the same date, Deputy Johnson and Defendant Torczon advised Large of the findings. Large advised that the commissary items were, "given to him as a gift."

4. Defendant Torczon told Large that the commissary items in his possession were classified as contraband by definition of the Inmate Rules and Regulations handbook and were disposed of.

5. Large was advised to roll up his belongings as he was being reclassified due to the contraband violation.

6. On December 28, 2009 at approximately 2:40 p.m., Large was escorted to C-Pod. Large stated, "if you move me there I'm gonna be a real problem."

7. Defendant Torczon opened the door at C-4 and stepped backward and told Large to go into cell C-4.

8. Large stepped backwards, into the shower entrance, facing out towards me and threw his mattress on the floor.

9. Large went to his knees and placed his hands on his head still facing out towards me.

10. Large positioned himself in the shower hallway/entrance.

11. The Shower entrance is very narrow, leaving approximately eight [8] inches to squeeze between him and the wall in order to gain control of Large.

12. Large did not comply with Defendant Torczon's commands.

13. A third time, he was ordered to the floor and Large replied, "you're gonna have to pop me."

14. Defendant Torczon deployed his Taser.

15. Large stood up and started coming towards Defendant Torczon in an angry manner.

16. Deputy Keenan deployed his Taser at Large.

17. Once Large was laying face down on the floor, he was ordered to put his hands behind his back and to not resist.

18. Large immediately complied with orders after he was successfully Tasered.

19. Once Large was securely in handcuffs Defendant Torczon and Deputy Johnson escorted him to cell C-4.

20. All probes were removed using Taser X-26 standards.

21. The Medical Authority examined Large.

22. After the Medical Authority cleared Large and there were no medical concerns, Large was secured in cell C-4.

23. The pleadings filed by the Plaintiff make no allegations of fact that attempt to identify any policy, practice, custom, or procedure of the Park County Sheriff's Department or the Park County Detention Center that the Plaintiff contends violated his constitutional or other legal rights.

24. The Defendant Torczon was sued in his "individual" as well as in his "official" capacity. However, Torczon is a sergeant with the Park County Sheriff's Department working as a shift supervisor with the Detention Center. As such, he is not an employee or official with the Sheriff's Department who sets or establishes policy either on an informal or formal basis. His job requires him to execute established policy; he does not possess final authority to establish municipal policy for the Sheriff's Department, the Detention Center, or Park County. The pleadings of the

Plaintiff make no allegations regarding municipal policy or the Defendant Torczon's status as a policymaker and there is no evidence that he is a "policy maker."

**DATED** this 20th day of May, 2011.

/s/ Patricia L. Bach
Patricia L. Bach
Assistant Attorney General

/s/ Richard Rideout
Richard Rideout
Law Offices of Richard Rideout, PC

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2011, the foregoing instrument was served *via* U.S. Mail upon the following:

Jeramie John E. Large #27013
Wyoming State Penitentiary
P.O. Box 400
Rawlins, Wyoming 82301

/s/ MaryBeth Jones
MaryBeth Jones
Office of the Attorney General